**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES E. MARTIN, III,<br><br>*Plaintiff*,<br><br>v.<br><br>GERBER PRODUCTS COMPANY, NESTLÉ USA, INC., WALMART INC.<br><br>*Defendants*. | ) | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Gerber Products Company ("Gerber") hereby removes and gives notice of the removal of the action captioned *Charles E. Martin, III v. Gerber Products Company, et al.* (Case No. 260500152) from the Court of Common Pleas of Philadelphia County – Trial Division (Civil) (the "State Court Action"). Gerber files this notice of removal without waiving any rights or defenses that may exist in its favor in state or federal court.

## PRELIMINARY STATEMENT

The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party joined properly and served as a defendant in this action is a citizen of Pennsylvania, the state in which plaintiff Charles E. Martin, III ("Plaintiff") filed this action.

## TIMELINESS OF REMOVAL

On October 5, 2026, Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County – Trial Division (Civil). Plaintiff has not served any defendant with the complaint. Generally, a notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(b)(1). The United States Supreme Court has clarified the 30-day period does not begin to run until the plaintiff has effectuated formal service of process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The filing of a summons or complaint alone does not trigger the removal clock. *Id.* at 347–48. Because Plaintiff has not served Gerber with the complaint, this notice of removal is timely.

## VENUE AND JURISDICTION

Venue is proper in this Court pursuant to 28 U.S.C. §§ 118, 1391, 1441(a), and 1446(a) because the Court of Common Pleas of Philadelphia County – Trial Division (Civil) in Philadelphia, Pennsylvania—where the action was commenced—is a state court within the United States District Court for the Eastern District of Pennsylvania. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

### I. COMPLETE DIVERSITY EXISTS AMONG THE PARTIES JOINED PROPERLY

There exists complete diversity between the parties to this action. Plaintiff is a New Jersey citizen; Defendants are not.

Plaintiff is a citizen of New Jersey. Compl. ¶ 5. Defendant Gerber is a corporation organized under the laws of Michigan with its principal place of business in Virginia. Compl. ¶ 14.

Defendant Nestlé USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Virginia. Compl. ¶ 15. Defendant Walmart Inc. is a corporation organized under the laws of Delaware with its principal place of business in Arkansas. Compl. ¶ 16. Therefore, for the purpose of determining diversity, Gerber is a citizen of Michigan and Virginia; Nestlé USA, Inc. is a citizen of Delaware and Virginia; and Walmart Inc. is a citizen of Delaware and Arkansas. 28 U.S.C. § 1332(c)(1); *see also Cutting Edge Tree Pros., LLC v. State Farm Fire Claims Co.*, 2023 WL 5939846, at *2 (E.D. Pa. Sept. 12, 2023). Because Plaintiff is a New Jersey citizen and no Defendant is a New Jersey citizen, there exists complete diversity of citizenship between Plaintiff and Defendants.

## OTHER REMOVAL REQUIREMENTS

All other removal requirements are met.

### A. The Jurisdictional Amount in Controversy Requirement is Satisfied

A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Sharawi v. WWR Premier Holdings, LLC*, 2020 WL 93942, at *3 (E.D. Pa. Jan. 7, 2020) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Sharawi*, 2020 WL 93942, at *4 (quoting *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)). "[T]he amount in controversy claimed 'should be accepted when not contested by the plaintiff or questioned by the court.'" *Stranger v. Walmart Supercenter #2208*, 2024 WL 4393508, at *4 (M.D. Pa. Oct. 3, 2024) (citing *Dart Cherokee Basin*, 574 U.S. at 87). "Only where

a party's assertion of the amount in controversy is challenged must 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.* (citing *Dart Cherokee Basin*, 574 U.S. at 88).

The Complaint here includes claims by Plaintiff alleging Defendants "*knowingly* sold baby food products … which contain dangerous levels of toxic heavy metals[,] lead and arsenic … and … substantially contributed to Plaintiff developing [a] lifelong brain injury"—namely, autism spectrum disorder. Compl. ¶ 1 (emphasis in original). The Complaint "seeks to hold the Defendant Baby Food Manufacturers accountable for their reprehensible conduct and ensure they are punished for permanently affecting Plaintiff's ability to live a fulfilling life." *Id.* To that end, Plaintiff demands both compensatory damages and punitive damages. *See, e.g.*, Compl. ¶¶ 119–122, 230.

Based on the nature of this action, the allegations in the Complaint, the permanent injuries alleged by Plaintiff, and the compensatory and punitive damages sought, Gerber avers the alleged amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g., Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 676–77 (E.D. Pa. 2022) ("Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000"). Where a plaintiff alleges "severe and permanent injuries," "great financial detriment and loss," "loss of wages and earning capacity," and the inability to "perform the usual activities of … daily life," such allegations "suffice[] to put more than $75,000 in controversy." *Bracken v. Dolgencorp, LLC*, 2018 WL 6249715, at *4 (E.D. Pa. Nov. 29, 2018). Plaintiff has set forth such allegations. *See, e.g.*, Compl. ¶ 160 ("As a direct and proximate result of the Defendants' failure to provide an adequate warning of the risks of Baby Foods, Plaintiff has been injured, sustained severe and permanent pain, suffering, disability,

impairment, loss of enjoyment of life, economic loss and damages including, but not limited to past and future medical expenses, lost income, and other damages.”).

**B. All Properly Joined Defendants Consent to Removal**

Removal pursuant to 28 U.S.C. § 1441(a) requires that “all defendants who have been properly joined and served must join in or consent to the removal of the action.” 28 U.S.C. § 1446(b)(2)(A). Plaintiff has not served any defendant. Nevertheless, all other defendants—namely, Nestlé USA, Inc. and Walmart Inc.—consent to this removal.

**C. Notice and Papers Will Be Provided as Required**

Further, Gerber is providing Plaintiff with written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(d), Gerber will also file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County – Trial Division (Civil). Copies of all process, pleadings, orders, and other papers filed in the state court action—as available from the state court docket or otherwise made available to Gerber at the time of the filing of this Notice of Removal—are attached, pursuant to 28 U.S.C. § 1446(a), as Exhibit A.

**D. Defendant Gerber Does Not Waive Any Defenses**

By filing this Notice of Removal, Gerber does not waive any defense available to it and reserves all such defenses. If any question arises regarding the propriety of the removal to this Court, Gerber requests the opportunity to present a brief oral argument in support of its position that this case has been removed properly.

## CONCLUSION

WHEREFORE, Gerber gives notice that the matter bearing case number 260500152 in the Court of Common Pleas of Philadelphia County – Trial Division (Civil) is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Gerber requests this Court retain jurisdiction for all further proceedings in this matter.

Dated: November 6, 2026

Respectfully submitted,

**REED SMITH LLP**
By: *_/s/ Stephen J. McConnell_*
Stephen J. McConnell (PA I.D. No. 80583)
Heather A. Ritch Rocks (PA I.D. No. 91701)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
smcconnell@reedsmith.com
hritchrocks@reedsmith.com

*Attorneys for Defendant*
*Gerber Products Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2026, a true and correct copy of this Notice of Removal was filed with the Court using the CM/ECF and served via email upon:

R. Brent Wisner
Monique Alarcon
Pedram Esfandiary
Katherine Pratty
Wisner Baum LLP
11111 Santa Monica Blvd., Suite 1750
Los Angeles, CA 90025
T: (310) 207-3233
F: (310) 820-7444
rbwisner@wisnerbaum.com
malarcon@wisnerbaum.com
pesfandiary@wisnerbaum.com
kpratty@wisnerbaum.com

*Attorneys for Plaintiff*

*/s/ Stephen J. McConnell*
Stephen J. McConnell